UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-468-F

| | |
|---|---|
| NATIONAL CAPITAL MANAGEMENT, LLC, | ) ) |
| Appellant, | ) ) |
| v. | ) **ORDER** |
| LASHAUNA CHANGE GAMMAGE-LEWIS, | ) ) ) |
| Appellee. | ) |

This matter is before the court upon the appeal by National Capital Management, LLC ("Appellant") from an order of the Bankruptcy Court for the United States District Court for the Eastern District of North Carolina ("Bankruptcy Court"). Specifically, Appellant asserts that the Bankruptcy Court erred when it concluded that any lien that it may have had against a 2003 Nissan Altima ("Nissan") owned by LaShauna Change Gammage-Lewis ("Appellee") became void, pursuant to 11 U.S.C. § 506(d), when the secured proof of claim was disallowed as a secured claim and allowed as a general unsecured claim. In fact, Appellant claims that absent some appropriate affirmative action or clear notice that a claim objection would strip a security interest, § 506(d) cannot void such an interest based solely on the disallowance of a secured claim.

This court has jurisdiction to hear the appeal from the Bankruptcy Court's orders pursuant to 28 U.S.C. § 158(a). The court reviews the Bankruptcy Court's conclusions of law *de novo* and its findings of fact for clear error. *See In Re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992). For

purposes of this appeal, Appellant does not dispute any of the findings of fact made by the Bankruptcy Court.

## I. BACKGROUND

On June 1, 2009, Appellee filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. Appellee also filed a proposed Chapter 13 plan which provided, *inter alia*, that the claim of Wells Fargo was to be treated as secured, to the extent of the value of its collateral, a certain 2003 Nissan Altima ("Nissan"), with such secured portion of the claim to be paid in full through the Chapter 13 disbursements. On August 21, 2009, Appellant filed a proof of claim indicating that it had a secured lien against the Nissan. Along with this proof of claim, Appellant submitted a Certificate of Title for the Nissan, which indicated that the Appellee was the owner and that Wells Fargo was the first lienholder.

On September 15, 2009, the Chapter 13 Trustee ("Trustee") filed an objection to the proof of claim filed by Appellant, requesting that such claim be disallowed as a secured claim and allowed only as a general unsecured claim, namely, because Appellant failed to attach proper documentation indicating that it had a duly perfected security interest in the Nissan. According to the Certificate of Service filed by the Trustee's office as it relates to the objection, Appellant was served with a copy of such objection at the noticing address listed on its submitted proof of claim. Appellant failed to file a response to the Trustee's objection, and on October 26, 2009, the Bankruptcy Court allowed the objection and disallowed Appellant's claim as a secured claim, but allowed such claim as a general unsecured claim.

On May 24, 2010, the Bankruptcy court entered a discharge in favor of the Appellee. Subsequently, on or about June 17, 2012, Appellant took possession of the Nissan. On June 29, 2012, Appellee filed the Motion for Turnover of the Nissan. After a hearing was held, the

Bankruptcy court, on July 14, 2010, found that any lien which Appellant may have had against Appellee's Nissan became void upon the entry of the discharge pursuant to 11 U.S.C. § 506(d). Moreover, the Bankruptcy Court found that Appellant's act of taking possession of the Nissan was in violation of 11 U.S.C. § 524(a)(2) and ordered an immediate return of the vehicle to Appellee. On November 1, 2010, filed a Notice of Appeal of this decision, pursuant to 23 U.S.C. § 158(a).

## II. DISCUSSION

The main issue before the court is whether the Bankruptcy Court erred in finding that, Appellant's claim against the Appellee's Nissan became void pursuant to 11 U.S.C. § 506(d) when such claim, in the Chapter 13 context, was disallowed as a secured claim and was allowed as a general unsecured claim. Specifically, Appellant argues that absent some appropriate affirmative action or clear notice that a claim objection would strip a security interest, § 506(d) cannot operate to void such an interest based on the disallowance of a secured claim. For the reasons stated herein, the court finds that the Bankruptcy Court's order issued on July 14, 2010, is correct and in accordance with the law. Accordingly, the decision of the Bankruptcy Court is **AFFIRMED**.

Under Chapter 13 of the Bankruptcy Code, individual debtors may obtain adjustment of their indebtedness through a flexible repayment plan approved by a Bankruptcy court. *See generally*, 11 U.S.C. § 1301, et al. Section 1322 sets forth the elements of a confirmable Chapter 13 plan, which must provide, *inter alia*, for the submission of a portion of the debtor's future earnings and income to the control of a trustee and for supervised payments to creditors over a period not to exceed five years. *See* 11 U.S.C. §§ 1322(a)(1) and 1322(c). Section 501 of the Bankruptcy Code governs the filing of proofs of claims or interests by creditors. *See* 11 U.S.C. §

501. If a proof of claim is filed by a creditor and is not objected to, the claim or interest is deemed allowed. *See* 11 U.S.C. § 502(a).

Here, Appellant filed a proof of claim stating that it had a secured claim against the Nissan. Trustee filed an objection arguing that Appellant failed to attach proper documentation indicating that it indeed has a perfected security interest in the Nissan. The objection, consequently, requested that Appellant's claim be disallowed as a secured claim and allowed only as a general unsecured claim. Appellant failed to file a response to Trustee's objection. Therefore, the Bankruptcy Court allowed Trustee's objection and disallowed Appellant's claim as a secured claim, but allowed such claim as a general unsecured claim. Moreover, by operation of § 506(d), the Bankruptcy Court found that any claim in which Appellant may have had against the Nissan became void.

Appellant now argues that absent some appropriate affirmative action or clear notice that a claim objection would strip a security interest, § 506(d) cannot void a claim disallowed as a secured claim and allowed as a general unsecured claim. Stated differently, Appellant contends that the Trustee's objection to its proof of claim merely highlighted a procedural defect, namely, that no documentation was attached illustrating that it had a valid secured claim on the Nissan. Appellant claims that the objection gave no indication that its lien would not survive bankruptcy or be voided under § 506(d). Therefore, Appellant argues that the filing of such objection cannot constitute appropriate affirmative action nor be classified as sufficient clear notice that its security interest was at risk, as required, for voidance under § 506(d).

As a general rule, liens pass through the bankruptcy process unaffected because a bankruptcy discharge extinguishes only *in personam* claims against the debtor, but generally has no effect on an *in rem* claim against the debtor's property. *Johnson v. Home State Bank*, 501 U.S.

4

78, 84 (1991); *see Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92 (4th Cir. 1995). However, a lien can be extinguished by operation of § 506 which provides:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
>
> \*\*\*
>
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless –
>
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506. Specifically, Rule 7001(2) of the Federal Rules of Bankruptcy Procedure provides a mechanism in which to implement § 506 and provides that an adversary proceeding must be brought to "determine the validity, priority, or extent of a lien or other interest in property." FED. R. BANKR. PROC. 7001(2). A claim objection may be a suitable substitute for an adversary proceeding where the claim objection, in line with Rule 7001(2), "gives clear notice that the debtor is challenging the validity, priority, or extent of the lien and seeks to abrogate a creditor's right to look to its collateral, and the debtor complies with procedural safeguards set forth in Part VII of the Federal Rules of Bankruptcy Procedure." *In re Kleibrink*, No. 3:07-CV-0088-K, 2007 WL 2438359, at \* 6 (N.D. Tex. Aug. 28, 2007).

For the case at bar, Trustee's objection to Appellant's proof of claim clearly challenges the "validity, priority, or extent of the lien" by stating that although the claim was filed as a

secured claim, there was no documentation indicating that Appellant has a perfected security interest in the Appellee's Nissan. Accordingly, Trustee requested that the claim be *disallowed in full* as a secured claim and *allowed in full* as a general unsecured claim. The objection also advised Appellant of its right to respond and request a hearing. However, as previously noted, Appellant failed to file a response. At bottom, upon issuance of the Chapter 13 plan, Appellant participated in the claims process to have its purported interest in the Nissan deemed a secured claim. However, because Appellant failed to file a response to Trustee's objection, its claim was disallowed as a secured claim and allowed as a general unsecured claim. Furthermore, the Chapter 13 plan sufficiently apprised Appellant, even before the filing of its proof of claim, that any claims classified as general and unsecure were to receive nothing from such plan. Accordingly, the court finds that Trustee's objection to Appellant's proof of claim is an appropriate affirmative action that provides sufficient clear notice to render voidance of its claim under § 506(d) valid.

### III. CONCLUSION

This court has reviewed the record in its entirety, the arguments of the Appellant and Appellee, and the order of the Bankruptcy Court at issue. After such thorough review, this court concludes that Bankruptcy Court's order issued on July 14, 2010, is correct and in accordance with the law. Accordingly, the decision of the Bankruptcy Court is **AFFIRMED**.

SO ORDERED.

This the 14th day of August, 2012.

JAMES C. FOX
Senior United States District Judge